United States District Court
Middle District of Florida
Jacksonville Division

**ONTERIA REESE-LENNELL
& ARTHUR REESE,**

    *Plaintiffs,*

v.                                     **NO. 3:17-CV-724-J-34PDB**

**JUDGE BRENT D. SHORE,**

    *Defendant.*

---

### Report & Recommendation

Onteria Reese-Lennell and Arthur Reese, proceeding without a lawyer and in forma pauperis, sue Brent Shore, a county judge who presided over a foreclosure action against them. Doc. 4. I recommend dismissal with prejudice.

### I.    Background[1]

On September 13, 2016, a homeowner's association sued Reese-Lennell and others in the Fourth Judicial Circuit, in and for Duval County, Florida, for foreclosure and breach of contract, alleging Reese-Lennell failed to pay assessments beginning

---

[1]At any stage of a case and on its own, a court may judicially notice a fact that cannot be reasonably disputed because it either is generally known or can be readily and accurately determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)–(d). In deciding whether to dismiss a case, a court may judicially notice information about a state case from the state court's database. *Crenshaw v. City of Defuniak Springs*, No. 3:13-cv-50/MCR/EMT, 2014 WL 667689, at *3 n.1 (N.D. Fla. Feb. 20, 2014) (unpublished) (citing cases); *see Boyd v. Georgia*, 512 F. App'x 915, 917 (11th Cir. 2013) (court properly judicially noticed on its own the online record of related state-court criminal proceeding as basis for dismissing plaintiff's civil rights complaint).

Here, the Court may judicially notice the state foreclosure proceedings because they can be readily and accurately determined from sources whose accuracy cannot reasonably be questioned (the state court docket).

in 2011 and owed $1,792.81. *Cambridge Estates Homeowners Ass'n, Inc. v. Onteria L. Reese et al.*, No. 16-2016-CC-010408-XXXX-MA (Doc. 1 ¶¶ 3, 6).

The foreclosure action was assigned to Judge Shore. Reese-Lennell moved for an extension of the deadline to respond to the complaint, which was granted, extending the deadline to October 17, 2016. No. 16-2016-CC-010408 (Docs. 19, 21). On December 24, 2016, the homeowner's association moved for default based on her failure to respond to the complaint, and, the next day, Judge Shore entered default. No. 16-2016-CC-010408 (Docs. 24, 25). She moved to set aside the default, stating:

> I met with Rachel Taube [counsel for the homeowner's association] on 10/17/16 in her office to discuss payment arrangements. I left her office believing the H.O.A. was willing to negotiate payment because she or [sic] was having someone put together a detailed account of what was owed, therefore, there was no need to file or serve any paper. I was surprised by the unconscionable payoff request, and noted on the payoff request what I owe and sent it to Rachel Taube. I was expecting a reply to my payoff request and was surprised with this unconscionable Motion for Judicial Default.

No. 16-2016-CC-010408 (Doc. 26 at 1). The lawyer for the homeowner's association notified her the motion to set aside the default would be presented to Judge Shore on January 17, 2017. No. 16-2016-CC-010408 (Doc. 27). On January 18, 2017, Judge Shore entered an order denying the motion, ruling it was "devoid of any legally cognizable defense to the judicial default entered against her." No. 16-2016-CC-010408 (Doc. 28 at 2). On March 21, 2017, the homeowner's association moved for summary final judgment of foreclosure, and its lawyer notified Reese-Lennell the motion would be presented to Judge Shore on April 24, 2017. No. 16-2016-CC-010408 (Docs. 29, 34). That day, Judge Shore entered a summary final judgment of foreclosure of $6,243.25 and scheduled a public auction of the property for June 8, 2017. No. 16-2016-CC-010408 (Doc. 36).

On June 8, 2017, the property sold at auction. No. 16-2016-CC-010408 (Doc. 50).

On June 22, 2017, Reese-Lennell and Reese initiated the current civil action in this Court against Judge Shore. Doc. 1. This Court directed them to file an amended complaint that "provides a short, plain statement of facts showing they are entitled to relief" and informed them of the *Guide for Proceeding without a Lawyer* and the Legal Information Program. Doc. 3 at 1.

On June 23, 2017, in the foreclosure action, the buyer moved to reopen the action and for a writ of possession. No. 16-2016-CC-010408 (Docs. 57, 58).

On June 26, 2017, in the foreclosure action, Reese-Lennell and Reese moved to disqualify Judge Shore based on an alleged appearance of bias and prejudice.[2] No. 16-2016-CC-010408 (Doc. 62). He granted the motion and recused himself. No. 16-2016-CC-010408 (Docs. 64, 65).

On August 9, 2017, in the foreclosure action, the county judge to whom the action was reassigned reopened the foreclosure action, issued a writ of possession for the buyer, and denied a motion that Reese-Lennell and Reese had filed construed as a motion for reconsideration or rehearing. No. 16-2016-CC-010408 (Docs. 58, 70).

On August 15, 2017, in the foreclosure action, Reese-Lennell filed a notice of appeal challenging the "final notice of eviction." No. 16-2016-CC-010408 (Doc. 74). The homeowner's association moved to dismiss the appeal, arguing it is not "directed

---

[2]On May 2, 2017, Reese-Lennell and Reese initiated a civil action in this Court against the homeowner's association and its lawyer: *Onteria L. Reese and Arthur Reese v. Cambridge Homeowners Assoc., Inc., and Rachel R. Taube, Esquire,* 3:17-cv-508-J-34MCR.

On June 26, 2017, Reese-Lennell and Reese initiated a civil action in this Court against the homeowners association and members of its board of directors: *Onteria Reese-Lennell and Arthur Reese v. Cambridge Homeowners Assoc., Inc., etc.*, 3:17-cv-732-J-39JRK (Doc. 1).

Those actions have since been dismissed through orders adopting reports and recommendations that Reese-Lennell and Reese failed to state claims on which relief may be granted because they were trying to sue private actors for alleged constitutional violations and *Rooker-Feldman* would bar any review of the foreclosure decision. No. 3:17-cv-508 (Docs. 13, 15); No. 3:17-cv-732 (Docs. 9, 10).

3

at any order of the lower court"; if construed as an appeal of the final judgment of foreclosure, it is untimely; and Reese-Lennell failed to preserve the record of hearings on which her appeal relies. No. 16-2017-AP-000100 (Doc. 7).

In various filings in the foreclosure action and the foreclosure appeal, Reese-Lennell and Reese, besides citing and filing forms invoking the Uniform Commercial Code, argued the homeowner's association had breached a contract, they had been denied due process from the outset, Judge Shore had acted with neither jurisdiction nor standing, Judge Shore had refused to provide his oath or proof of jurisdiction upon their request, and Judge Shore had violated the Florida Code of Judicial Conduct. No. 16-2016-CC-010408 (Docs. 40, 42–45, 48, 56, 67, 75); No. 16-2017-AP-000100-XXXX-MA (Docs. 6, 15).

On September 22, 2017, in the current action in this Court, Reese-Lennell and Reese filed an amended complaint, Doc. 4, and an application to proceed in forma pauperis, Doc. 5. In the amended complaint, under "Statement of Facts," they state:

- On January 17, 2017 Judge Brent D. Shore scheduled a hearing to hear Plaintiff Onteria L. Reese['s] motion. However, Plaintiffs Onteria L. Reese and Arthur Reese were denied due process of law. Judge Brent D. Shore suppressed and fraudulently concealed material facts with the intention to foreclose.

- On or around February 5, 2017 Plaintiff Onteria L. Reese called Defendant Brent D. Shore['s] office to inquire about the outcome of the hearing on January 17, 2017. Spoke with his secretary. She said judge's order was mailed out and she would mail out a copy of his order that same day, but none has been received as to this day.

- An affidavit of special appearance and a request for Brent D. Shore['s] oath of office and bond along with a request for delegation of authority order by way of averment of jurisdiction was put in the court case file before the scheduled hearing on June 7, 2017.

- On June 7, 2017 the Plaintiffs Onteria L. Reese and Arthur Reese attended a scheduled hearing with Judge Brent D. Shore presiding. Judge Brent D. Shore made it very clear he read the case file.

4

- On June 7, 2017 Judge Brent D. Shore proceeded with a void order to sell at a foreclose auction the Plaintiffs Onteria L. Reese property when he had no jurisdiction and lack of no due process of service.

- Plaintiffs Onteria L. Reese and Arthur … Reese motioned to disqualify Brent D. Shore pursuant to Florida Code of Judicial Conduct, **Rule 3b(5)**.

Doc. 4 at 3. They attach as exhibits filings from the foreclosure action. Docs. 4-1–4-4. They claim that by not hearing their motion, Judge Shore acted with "bias and prejudice," in violation of the Fifth and Fourteenth Amendments. Doc. 4 at 1. They claim that by not providing the basis for jurisdiction upon their request, he acted without jurisdiction. Doc. 4 at 1–2. And they claim that by expressing he would not accept documents from them while accepting documents from the other side, he acted with "bias and prejudice" in violation of Rule 3b(5) of the Florida Code of Judicial Conduct. Doc. 4 at 2. Under "Relief Sought," they state:

A. Issuance of mandate to Defendant, Judge Brent D. Shore to void all orders of turnover and sale dated June 8, 2017 for Court Case No. 16-2016-CC-010408.

B. Wrongful possession on the Plaintiff's property has occurred therefore an action of replevin is ordered for immediate possession with damages for pain and suffering in the amount of $509,000.

Doc. 4 at 4.

On January 22, 2018, the circuit court dismissed the appeal with prejudice, holding the county court had possessed jurisdiction under article V, section 6, of the Florida Constitution and Fla. Stat. § 34.01; ruling the homeowner's association is the prevailing party entitled to attorney's fees and costs; and retaining jurisdiction to "enter any and all other further orders, judgments, and process" necessary to effectuate the order. No. 16-2017-AP-000100 (Doc. 14).

This Court granted Reese-Lennell and Reese's application to proceed in forma pauperis but stayed service of process pending review of the amended complaint. Doc. 7.

**II.    Law & Analysis**

Federal courts have an obligation to determine if subject-matter jurisdiction exists even if a party has not challenged it.[3] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Because the *Rooker-Feldman* doctrine concerns subject-matter jurisdiction, a court must determine if the doctrine applies. *Target Media Partners v. Specialty Marketing Corp.*, 881 F.3d 1279, 1284 (11th Cir. 2018).

The *Rooker-Feldman* doctrine prohibits federal district courts from exercising appellate jurisdiction over state judgments.[4] *Vasquez v. YII Shipping Co., Ltd.*, 692 F.3d 1192, 1195 (11th Cir. 2012). The doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[5] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005).

---

[3]A dismissal for lack of subject-matter jurisdiction is not a judgment on the merits and is entered without prejudice. *Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

[4]The *Rooker-Feldman* doctrine gets its name from D.*C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). The doctrine is based on two jurisdictional statutes: 28 U.S.C. § 1257 (providing that United States Supreme Court has jurisdiction to review final judgments from highest courts of states) and 28 U.S.C. § 1331 (providing that district courts have "original jurisdiction" of all civil actions arising under federal law). *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005).

[5]In a single case, a federal district court may have subject-matter jurisdiction over some claims but, based on the *Rooker-Feldman* doctrine, not over other claims. See *Fortson v. Georgia*, 601 F. App'x 772, 773–74 (11th Cir. 2015) (federal district court had jurisdiction over claims state and state judge had violated and conspired to violate constitutional rights but not over claims seeking order declaring state judge's orders void); *Kohler v. Garlets*, 578 F. App'x 862, 864 (11th Cir. 2014) (federal district court had jurisdiction over claims seeking damages based on misconduct of adversaries and counsel during foreclosure proceedings but not over claim seeking determination of title of foreclosed property); *Drees v. Ferguson*, 396 F. App'x 656, 658 (11th Cir. 2010) (federal district court had jurisdiction over claims seeking damages against state judge for violating federal constitutional rights but not over claims seeking order declaring state judge's rulings void).

The *Rooker-Feldman* doctrine applies only if the federal action is filed "after the state proceedings have ended." *Nicholson v. Shafe*, 558 F.3d 1266, 1275 (11th Cir. 2009). A state proceeding has ended when (1) the highest state court in which review is available has affirmed the judgment and nothing remains to be resolved; (2) the state action has reached a point where no party seeks further action; or (3) the proceedings have finally resolved all federal questions and only state-law or purely factual questions remain. *Id.* A federal action is filed when the original federal complaint is filed, not when any amended complaint is filed. *Lozam v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1072 n.3 (11th Cir. 2013). The doctrine "cannot spring into action and vanquish properly invoked subject matter jurisdiction in federal court when state proceedings subsequently end." *Nicholson*, 558 F.3d at 1279 n.13.

Here, although the *Rooker-Feldman* doctrine otherwise would apply to bar Reese-Lennell and Reese's claims to the extent they seek this Court's review of the foreclosure judgment, the writ of possession, or the state appellate decision, the doctrine does not apply because they initiated this action before the state proceedings had ended. After filing the original complaint in this Court on June 22, 2017, among other things, Reese-Lennell and Reese filed a motion for reconsideration or rehearing (July 7, 2017); the reassigned county judge reopened the foreclosure action, issued the writ of possession, and denied Reese-Lennell and Reese's motion for reconsideration or rehearing (August 9, 2017); Reese-Lennell and Reese filed a notice of appeal to the circuit court (August 15, 2017); and the circuit court dismissed the appeal on grounds other than untimeliness (January 22, 2018). No. 16-2016-CC-010408 (Doc. 58, 70, 74); No. 16-2017-AP-000100 (Doc. 14).[6]

---

[6]*Younger* abstention likewise does not apply. "In the main, federal courts are obliged to decide cases within the scope of federal jurisdiction." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013). But under the *Younger* abstention doctrine, a federal court may not interfere with or enjoin (1) a criminal prosecution; (2) a civil proceeding akin to a criminal prosecution; or (3) a civil proceeding involving orders "uniquely in furtherance of the state [court's] ability to perform [its] judicial function." *Id.* An order uniquely in furtherance of a state court's ability to perform its judicial function is, for example, a requirement for posting bond pending appeal or a civil contempt order. *Barone*

Under 28 U.S.C. § 1915(e)(2), a court "shall" dismiss an action by a plaintiff proceeding IFP if at any time the court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To decide if a pro se IFP complaint fails to state a claim on which relief may be granted, a court must construe the complaint liberally and apply the Federal Rule of Civil Procedure 12(b)(6) standards.[7] *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive dismissal under Rule 12(b)(6), it must allege facts, accepted as true, that state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

---

*v. Wells Fargo Bank, N.A.*, 709 F. App'x 943, 949 (11th Cir. 2017) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13 (1987); *Juidice v. Vail*, 430 U.S. 327, 335–36 & n.12 (1977)). If one of the three circumstances is present, a federal court must consider whether there is an ongoing state judicial proceeding that implicates important state interests and provides an adequate opportunity to raise federal challenges. *Sprint*, 134 S. Ct. at 588. *Younger* abstention does not apply if none of the three circumstances is present. *Barone*, 709 F. App'x at 948–49. Thus, *Younger* abstention does not apply if the state proceeding is a civil proceeding not akin to a criminal proceeding and the state judicial interests "are broadly the same as those that would be involved in any case in state court" even if "the state has an important interest in matters concerning real property within its borders." *Id.*

*Younger* abstention does not apply here because none of the three circumstances is present. The state foreclosure action was neither a criminal action nor akin to one, and there appears to have been no order that was uniquely in furtherance of the state court's ability to perform its judicial function.

[7]Although a court must hold a pleading drafted by a pro se litigant to a less stringent standard than one drafted by a lawyer, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), the court cannot rewrite a deficient pleading for a party or otherwise serve as his de facto counsel, *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

8

42 U.S.C. § 1983 provides a cause of action against any person who, acting under the color of state law, deprives a person of a federal right. Section 1983 further provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

A state judge is absolutely immune from § 1983 liability for damages for an act taken in his judicial role provided that such acts are not done in the clear absence of all jurisdiction. *Pierson v. Ray,* 386 U.S. 547, 553–55 (1967). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). A state judge is also entitled to absolute immunity from suit under Florida law—regardless of whether the relief sought is monetary or equitable—"for acts performed in the course of" his or her judicial capacity unless he or she "clearly act[s] without jurisdiction." *Fuller v. Truncale,* 50 So. 3d 25, 28–30 (Fla. 1st DCA 2010) (internal quotation marks omitted).

A request for an order requiring a state court or judge to do or not do something is properly construed as a petition for mandamus. *Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007). Mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes" and available only if the party seeking it has no other means to obtain the relief desired, the right to mandamus is "clear and indisputable," and the court, in its discretion, is satisfied mandamus is appropriate.[8] *Cheney v. United States Dist. Ct. for the Dist. of Columbia*, 542 U.S. 367, 380–81 (2004). An

---

[8]Although Federal Rule of Civil Procedure 81(b) abolished writs of mandamus, 28 U.S.C. § 1651 permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." That statute does not create jurisdiction but empowers federal courts to issue writs in aid of jurisdiction previously acquired on some other ground. *Brittingham v. United States Comm'r of Internal Revenue*, 451 F.2d 315, 317 (5th Cir. 1971).

adequate means to obtain the relief desired includes a statutory method of appeal. *Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1295 (11th Cir. 2004).

Under Federal Rule of Civil Procedure 15(a), a court should freely allow a plaintiff to amend his or her complaint if justice so requires. If a more carefully drafted complaint might state a claim, a litigant proceeding without a lawyer must be given at least one chance to amend the complaint before the court may dismiss it with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). But dismissal with prejudice is appropriate if granting leave to amend would be futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Granting leave to amend would be futile if the complaint as amended would still be properly dismissed. *Id.*

Under those standards, dismissal with prejudice is warranted here. Although directed to file an amended complaint that "provides a short, plain statement of facts showing they are entitled to relief," Doc. 3 at 1, the amended complaint, even liberally construed, does not. *See* 28 U.S.C. § 1915(e)(2)(B); *Ashcroft*, 556 U.S. at 678. The factual allegations (Judge Shore scheduled a hearing, his secretary conveyed that a resulting order was mailed by was never received, he did not provide his oath of office or proof of jurisdiction knowing Reese-Lennell and Reese had requested both, and they moved to disqualify him, Doc. 4 at 3) state no discernable claim. And the legal conclusions (Judge Shore "suppressed and fraudulently concealed material facts with the intention to foreclose" and "proceeded with a void order to sell at a foreclose auction the …property when he had no jurisdiction and lack of no due process of service," Doc. 4 at 3) cannot be considered. *See Ashcroft*, 556 U.S. at 678.

Judge Shore, moreover, is absolutely immune from § 1983 liability for damages because he took the complained-of acts in his judicial role, *see Pierson,* 386 U.S. at 553–55, and from state liability for damages or equitable relief because he took the complained-of acts in his judicial capacity, *see Fuller*, 50 So. 3d at 28–30.

Reese-Lennell and Reese have alleged no facts to support that Judge Shore acted in the clear absence of all jurisdiction. *See generally* Doc. 4. As the circuit court

observed in dismissing their appeal, the county court had jurisdiction under article V, section 6, of the Florida Constitution, which establishes a county court in each county and provides that each "shall" exercise the jurisdiction prescribed by general law, and under Fla. Stat. § 34.01, which provides that county courts "shall have original jurisdiction" of "all actions at all in which the matter in controversy does not exceed the sum of $15,000, exclusive of interest, costs, and attorney's fees, except those within the exclusive jurisdiction of the circuit courts," and "all matters in equity involved in any case within the jurisdictional amount of the county court, except as otherwise restricted by the State Constitution or the laws of Florida." No. 16-2017-AP-000100 (Doc. 14). Under those laws, a county court has jurisdiction over a foreclosure action if the amount in controversy is less than $15,000. *Coral Springs Tower Club II Condo. Ass'n, Inc. v. Dizefalo*, 667 So. 2d 966, 967 (Fla. 4th DCA 1996) (citing *Alexdex Corp. v. Nachon Enters., Inc.*, 641 So. 2d 858 (Fla. 1994)). Here, the homeowner's association alleged the amount in controversy did not exceed $15,000 and that Reese-Lennell owed a principal balance of $1,792.81 in unpaid assessments. No. 16-2016-CC-010408-XXXX-MA (Doc. 1 ¶¶ 1, 10). The county court accordingly had jurisdiction to decide the foreclosure action. That Judge Shore allegedly did not provide a copy of his oath upon request does not mean he has never taken an oath.

To the extent Reese-Lennell and Reese seek injunctive relief under § 1983 against Judge Shore, it is unavailable because the complained-of acts were taken in his judicial capacity and Reese-Lennell and Reese have alleged no facts to support that he had violated a declaratory decree or declaratory relief had been unavailable. *See* 42 U.S.C. § 1983. And to the extent Reese-Lennell and Reese seek mandamus relief through their request to issue a mandate to Judge Shore to void all "orders of turnover and sale dated June 8, 2017," Doc. 4 at 4, the relief is unavailable. Even if they could state a claim, they possessed adequate means to obtain the relief desired—the state appeal process—and their right to mandamus is far from clear and indisputable. *See Cheney*, 542 U.S. at 380–81.

Leave to amend is unwarranted. Reese-Lennell and Reese have already been given an opportunity to file an amended complaint that "provides a short, plain statement of facts showing they are entitled to relief," Doc. 3 at 1, and, given absolute immunity from damages under § 1983 against Judge Shore, the bar to injunctive relief under § 1983 against Judge Shore, absolute immunity from damages and equitable relief under state law against Judge Shore, and the extraordinary nature of mandamus relief, amendment would be futile.[9]

### III.  Recommendation[10]

I recommend dismissing the action with prejudice and directing the Clerk of Court to close the action.

**Entered** in Jacksonville, Florida, on March 6, 2018.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

---

[9] Under § 1915(e)(2), an action is frivolous if "the plaintiff's realistic chances of ultimate success are slight." *Clark v. State of Ga. Pardons & Parole Bd.*, 915 F.2d 636, 640 (11th Cir. 1990) (internal quotation marks omitted). In a § 1983 action, a court determines if there are factual and legal bases for the asserted wrong. *Id.* "[I]f a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has conducted a sufficient inquiry to determine whether the plaintiff's realistic chances of ultimate success are slight." *Id.* (internal quotation marks omitted). For the reasons amendment would be futile, dismissal on frivolity grounds is also warranted.

[10] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

c:      Onteria Reese-Lennell and Arthur Reese
1250 West 16th Street, Apartment 102
Jacksonville, FL 32209